UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**GARY SONNIER ET AL**       **CASE NO. 2:22-CV-00210**

**VERSUS**      **JUDGE JAMES D. CAIN, JR.**

**FEDNAT INSURANCE CO**      **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss for Lack of Subject Matter Jurisdiction and State Suit Pending" (Doc. 7) filed by Defendant Fednat Insurance Company ("Fednat") pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

## BACKGROUND

This suit arises from property damage to Plaintiffs' home caused by Hurricane Laura. Fednat is the insurer of the property. Plaintiffs disputed Fednat's adjustment of the claim and originally filed suit in City Court. The Petition filed in City Court expressly stated that "the amount in dispute does not exceed the jurisdictional limits of Lake Charles City Court,"[1] which is $50,000.

Plaintiffs voluntarily dismissed the City Court suit without prejudice.[2]

## RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the

---

[1] Defendant's exhibit A, Petition, ¶ 20.
[2] Defendant's exhibit C, Order of Dismissal.

sufficiency of a complaint under Rule 12(b)(6) is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989). The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . ." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S.Ct. 1955.

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction. . .

Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *United States v. Cytogel Pharma,* LLC, 2018 U.S.Dist. LEXIS 157942, at *6 (E.D. La. Sep. 17, 2018). A court may base its disposition of a motion to dismiss under Rule 12(b)(1) on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Robinson v. TCI/US West Communications, Inc.*, 117 F.3d 900 (5th Cir.

1997), citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied,* 454 **U.S.** 897, 102 S.Ct. 396, (1981).

Courts may consider affidavits and exhibits submitted in connection with a Rule 12(b)(1) motion to dismiss. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). Once challenged with competent proof, the plaintiff must prove by a preponderance of the evidence that the court has subject matter jurisdiction. *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986). A motion to dismiss under Rule 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claims that would entitle plaintiff to relief. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

## **LAW AND ANALYSIS**

28 U.S.C. § 1332 requires that the matter in controversy exceed $75,000. Defendant argues that there is no basis for diversity jurisdiction. Specifically, Defendant maintains that Plaintiffs have failed to establish that the amount in controversy requirement is met because the City Court Petition "judicially confessed" that the amount in dispute does not exceed $50,000. Defendant argues that a stipulation is created where a plaintiff alleges a certain amount in controversy and defendant admits to the same in the Answer. *See Bullock v. Graham*, 681 So.2d 1248, 1249 (La. 11/1/96).

Plaintiffs contend that they filed their Petition in an incorrect forum[3] and that their damages were in excess of the City Court's jurisdictional amounts. Plaintiffs inform the

---

[3] Plaintiffs assert that the property was not located in the correct city, ward, or Parish, and was therefore outside the City Court's territorial jurisdiction.

Court that as soon as they realized that their claim was erroneously filed in the wrong forum, they filed a motion to dismiss without prejudice for lack of jurisdiction. The City Court granted that motion on January 26, 2022;[4] Plaintiffs filed the instant lawsuit on January 24, 2022.

"A judicial admission is conclusive, unless the court allows it to be withdrawn." *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476–77 (5th Cir. 2001) (*citing Keller v. United States*, 58 F.3d 1194, 1199 n. 8 (7th Cir. 1995)). "[J]udicial admissions are not conclusive and binding in a separate case from the one in which the admissions were made." *Blankenship v. Buenger*, 653 Fed.Appx. 330, 335 (5th Cir. 2016) (*citing Universal Am. Barge Corp. v. J-Chem, Inc.*, 946 F.2d 1131, 1142 (5th Cir. 1991)); *see also Heritage Bank v. Redcom Labs, Inc.*, 250 F.3d 319, 329 (5th Cir. 2001); *State Farm Mut. Auto. Inc. Co. v. Worthington*, 405 F.2d 683, 686 (8th Cir. 1968).

Fifth Circuit precedent holds that admissions made in other proceedings are not "judicial admissions" that bind the parties in this case. Louisiana law provides that a "judicial confession." . . may be revoked only on the ground of error of fact." Louisiana Civil Code article 1853. Plaintiffs assert that they made an error of fact regarding their damages which they contend are in excess of $75,000. Thus, they argue that because they improperly filed their original lawsuit in City Court, based on their error, there is no judicial confession.

---

[4] Order, Doc. 7-4.

The Court finds that there is no judicial confession that Plaintiffs' damages are below the jurisdictional amount of $75,000.

## **CONCLUSION**

For the reasons set forth above, the Motion to Dismiss for Lack of Subject Matter Jurisdiction and State Suit Pending will be denied.

**THUS DONE AND SIGNED** in Chambers this 19th day of April, 2022.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE